the Liberal Arts and Sciences Research and occasion. Good morning. May it please the Court. My name is Susan Herman, Assistant Attorney General, here today on behalf of Appellant, Maine Department of Labor, Bureau of Rehabilitation Services, Division for the Blind and Visually Impaired. For many years, the settled expectation for Maine litigants seeking judicial review of a state administrative decision is that an action would need to be filed within 30 days. The district court in this case, by applying the federal four-year catch-all statute of limitations in 28 U.S.C. section 1658A, increased that statute of limitations by 48-fold from 30 days to four years. Well, it wasn't the district court that increased it. It was Congress that increased it when it passed section 1658. Well, yes, Your Honor. Congress said that for future statutes where there's no designated statute of limitations, the residual or fallback statute of limitations is going to be four years. That's correct, Your Honor. Okay. The private right of action that's created for judicial review in 722 under the Rehabilitation Act was created after December 1, 1990, all right, and appears on its face to qualify. It does not have a built-in statute of limitations. It doesn't incorporate specifically any other statute of limitations. So it appears on its face to qualify. Now, you've offered us some reasons in your brief why we shouldn't do what it appears that the statute is telling us to do, right? But I don't think it's fair to say that the district court, you know, did this on some frolic of its own. The district court followed the statute. Now, you can argue that the district court in the circumstance of this case shouldn't have followed the statute, and hopefully you'll tell us why you think that's so. I did not mean to suggest that it was a frolic on the part of the district court, Your Honor. Our position is that if you look at the plain words of section 1658, first of all, it only applies to causes of action created after December 1, 1990, and it's our position that you have to look at the substantive right, not the procedural legal right. Well, you do agree that the right of judicial review in section 722 was created in 1998, which the last time I looked at an almanac or a calendar was after December 1, 1990. Absolutely, Your Honor, but we believe that that was actually a limitation on a previously existing right, which had been recognized in Maine in the Buchanan v. Ives case under section 1983. Let's test that. Your argument, as I understood it, and you believe, is that because some suits had been entertained under section 1983, and 1983 is a much more potent statute than remedy for plaintiffs, than a mere right of judicial review of an administrative decision, that this wasn't the creation of a new right, but a limitation of an existing right? Correct. Okay. Except the only cases that you've cited, or that I've been able to find, that stand for the existence of the section 1983 cause of action, are cases which enable plaintiffs to challenge whether a state's vocational plan as a whole, the structure of the system, comports with or complies with federal requirements. I haven't been able to find, and you haven't cited me, any 1983 case where a plaintiff was able to challenge the application of the statute. So the individual right of action that section 722 conferred seems to me to be new and distinct. I believe, and I may be wrong on this, but I believe the Buchanan v. Ives case, the Maine case, had both aspects to it. I don't read it that way. At least I don't read the whole thing that way. Well, it's our position, your Honor, that based upon the cases that we were able to find, and I would agree that there aren't that many litigated cases under this particular section of Title, of the Rehab Act, the Title I cases, that there was, at least in some courts, a recognition that the right to a particular service could be enforced under Section 1983, and that the judicial review remedy that was created by Congress in 1998 was a limitation on that previously existing remedy. And I would like to refer the Court to a Supreme Court case that actually was relied on by the plaintiffs, the city of Rancho Palos Verdes, in footnote 5 of that case, which involved the Telecommunications Act, federal law, enacted after section, after 1990, and the Court was trying to sort out whether or not, what statute of limitations would apply if the Court were to allow a Section 1983 action to enforce the provisions of the Federal Telecommunication Act. And in that analysis, in that particular state, the 1983 statute of limitations was one year, because that was the statute of limitations for personal injury cases, and what the Court said was that they would actually look at the statute of limitations for the substantive right under the Telecommunications Act, which was enacted after 1990, so therefore the four-year as opposed to the one-year statute would apply, and the Court talked about 1983 being the procedural vehicle to enforce the substantive right, and I would say by analogy, in this case, the substantive right that is sought to be enforced here is the right to reimbursement for transportation costs. That was the underlying issue, and that was, that has been in the Rehab Act since 1973. So, using that analysis, Your Honor, we would submit that Section 1658 by its expressed terms does not apply here. I would just like to get to the other two reasons why we think the District Court was in error in applying the federal catch-all, and that is by its own terms, it also says when otherwise provided by law, and it is our position that the voc rehab statutory and regulatory scheme defers to state procedures. It's a federal-state partnership, and if you look at the regulations that have been promulgated under the Rehab Act, those specifically require the states to promulgate procedures relating to judicial review, administrative and judicial review, which the State of Maine has done in the form of regulations, which in turn defer to the 30-day statute of limitations. So it's our position that that deferral to the state procedures and the federal-state partnership otherwise provided by law within the meaning of Section 1658, so therefore, the four-year catch-all does not apply. And the third thing I just would like to bring out is if you look at the whole statutory and regulatory scheme, this is a very time-sensitive process. There are very short time frames, 30 days for decisions and 60 days for development of plans and so on, and to have these administrative decisions held in limbo for four years seems inconsistent with the whole statutory and regulatory scheme. Yeah, I mean, that's a perfectly plausible policy argument, because it does seem incongruous to have this long a statute of limitations for these proceedings, but we're faced with a statute that has very clear and plain language, and there's a countervailing policy argument, which you don't give any weight to, and that is that the legislative history of Section 1658 itself indicates that Congress had a paramount concern in creating a uniform federal limitations period for these new federal statutes. So I don't see how we can take your position of policy concern over the combination of the clear language of the statute and what was Congress's expressed policy concern. Well, Your Honor, on that particular point, I think that if you look at the legislative history of Section 1658, Congress at one point was considering making the four-year statute applicable to all federal causes of action that didn't have its own statute of limitation because of the effect of unsettling all of the law that had been developed, say, around Section 1983 and so on, that they would draw the line at new causes of action, and I think that that's where this Court needs to draw the line, and it's our position that it was not a new cause of action, but a limitation on a previously existing one. And the City of Palo Verde case that you cited, that's not in your brief. It is actually in the police brief and in our brief. It is in the reply brief, Your Honor. Okay, it's in the reply brief, okay, that's fine. Yes, thank you, Your Honor. May it please the Court, Brett Baber for John Maloney. I do note that the State did cite City of Rancho Palos Verdes in its reply brief. The State began its argument contending that there was a settled expectation behind a 30-day period of review that this administrative hearing process somehow was built into the statute. The 30-day review has never been a part of the law of Section 722. I wouldn't waste your relatively short time on that. There's no settled expectation under a 1998 statute that's never been passed upon. Correct. The point I wish to make in that regard is that the entire cause of action was created by the amendment to Section 722, and it's an entire federal statutory amendment scheme. It's not a state scheme. It's a federal statute that is specifying what is defined in Section 722C5J as a quote-unquote cause of action. Before that period of time, there was no federal cause of action under Section 722, and as this Court is well aware, unless there's an express private right of action, in most instances there will not be a private right of action read into a statute. So in this particular situation, until the amendment was passed in 1998, there was no private right of action. That action was created by the amendment in 1998, and as Judge Selye pointed out previously, that was well after Congress passed Section 1658 to Title 28, which created the federal catch-all statute of limitations. And even though the application of Section 1658 to Title 29 U.S.C. Section 922 is an issue of first impression before this Court and the other circuit courts, as far as I can tell, the U.S. Supreme Court spoke directly on the meaning of Section 1658 in the Jones v. R. R. Donnelly decision. Jones has numerous references to the fact that Congress's intent was very clear that the judiciary was spending a lot of time trying to ferret out which statute of limitations that they might borrow from the state might apply in a particular case throughout the entire U.S. Code, not just Section 722. And as a result, the intent of Congress was to create one catch-all, hence the name, statute of limitations for any new federal statutes, such as 722. In Jones, the Court was applying Section 722 to the amendment to the Civil Rights Act of 1866, in which almost more than a hundred years had passed, and then Congress had adopted a cause of action for a hostile work environment in addition to the original contractual remedies. So what do you say to the state's argument that, yeah, but Jones was talking, as with that amendment to the Civil Rights Act, with statutes that create new substantive rights, and this statute doesn't create any new substantive right, it merely creates a new procedural vehicle for review of claims? The holding in Jones is that if a post-1990 amendment creates a cause of action or assists the plaintiff, and let me refer specifically to the test, the test of applicability from the state was, quote, made possible by a post-1990 enactment. In this case, there was no cause of action under Section 722 that Mr. Mallay or anybody before him could have brought under Section 722. There may have been substantive rights. I'm not sure the two statutes, if one were to compare the two statutes, line up entirely, but yes, there was a right to private right of action. But Mr. Mallay, under the previous statutory scheme, had no private cause of action. The Secretary of Labor might be able to bring some sort of enforcement proceeding. It's much like the HIPAA law now. The HIPAA law does not have a private right of action. So to say that a patient has a privacy right is a little bit of a fallacy because it can only be enforced by a federal official, a member of the executive branch. For Mr. Mallay to bring a private right of action, he needed this statute. And under the language of Jones, it was made possible by a post-1990 enactment. So, yeah, there is a subtle distinction, perhaps, between Jones and the fact that there was a brand new cause of action for a hostile work environment that is slightly different here, but the rationale remains the same. Congress desired uniformity in the statutes of limitation. This is a new statute after the date of the adoption of the Section 1658 statute of limitations. And finally, I note that Justice Stevens in Jones cited with favor Justice Scalia's comment that a uniform nationwide limitations period for a federal cause of action is always more than others. We're talking, if the state's argument were accepted, we're not talking just a distinction between the state of Maine statute of limitations and the federal government. We're talking 50 states plus Puerto Rico versus one statute of limitations. Given the clear guidance of the U.S. Supreme Court in Jones, this court should hold that the district court correctly applied the Section 1658 statute of limitations. Unless there are further questions, I will cede the remainder of my time. Thank you.